# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**TIMOTHY CLIMER, STACY CLIMER,**
**A.C.$_1$ and A.C.$_2$**                                                                    **PLAINTIFFS**

**V.**                                            **CIVIL ACTION NO.: 3:17-CV-251-DMB-JMV**

**JOYCE COX, ET AL.**                                                                        **DEFENDANTS**

## ORDER RESTRICTING ACCESS

This matter is before the court, *sua sponte*, to restrict access to the docket as to all docket entries up to, but not including, today's date and to direct the parties to refrain from using the names of the minors in future filings.

Upon weighing the competing interests of the public's right to information and the protection of a legal minor, the court finds that this order is necessary protect the privacy of the minors, as the filings which include the full names of the minor children in this case are so numerous that the process of sealing each document would be nothing short of chaotic and would, further, render the docket unworkable.[1]

Fed. R. Civ. P. 5.2 provides, "unless the court orders otherwise, in an electronic or paper filing with the court that contains . . . the name of an individual known to be a minor . . . he filing may include only: . . . (3) the minor's initials." Fed. R. Civ. P. 5.2. Moreover, if an individual's date of birth must be included in pleadings, only the year should be used. Fed. R. Civ. P. 5.2.[2]

---

[1] Under Mississippi law, an individual is a minor until he reaches the age of twenty-one (21) years. Miss. Code Ann. § 1-3-27.
[2] At least one other document, the state court complaint [2], also includes the full date of birth of the above referenced minors.

To protect the minors' privacy, the Clerk is hereby **DIRECTED** to restrict access to the docket, as aforesaid, to the parties and the court. The Clerk is further **INSTRUCTED** to modify the style of the case to reflect only the initials of the minors. Further, parties are **ORDERED** to refrain from using the names of the minors in future filings.

Finally, the court notes that it appears that the minors are without a designated representative in this case, as required by Fed. R. Civ. P. 17(c).[3] Therefore, plaintiffs are hereby **ORDERED** to, within three (3) business days of today's date, file an amended complaint wherein the minors are represented, in the style and body of the case, by next friend, as required. Thereafter, the Defendants should, within two (2) business days, file an amended Notice of Removal to reflect the change.

**SO ORDERED**, this 19th day of November, 2018.

s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE

---

[3] *See* Doc. #2 at paras. 7 and 8; *Doe v. Holmes Cty. Sch. Dist.*, 246 So. 3d 920, 924 (Miss. Ct. App. 2018).